IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. No. 21-368 (ADC) |
| PEDRO MARTINEZ-MARRERO | |

**MEMORANDUM AND ORDER**

On December 13, 2024, the U.S. Probation Office filed a motion notifying the Court of Defendant's violations of his conditions of supervised release. Docket No. 61. Among other matters, the USPO alleged that Defendant is the subject of an ongoing criminal investigation for sexual assault against his minor daughter. Id. Criminal charges have not been filed but a protection order was issued against Defendant by the Puerto Rico Court of First Instance in Bayamón. The protection order was extended and is set to expire on July 22, 2025. The USPO alleged that Defendant violated the following conditions of supervised release: Mandatory Condition: "You must not commit another federal, state or local crime." and Special Condition: "The defendant shall not commit another Federal, state or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court." Id.[1]

The preliminary revocation hearing was held on January 30, 2025. The Government called United States Probation Officer Ricardo A. Carrillo López. The Government introduced documentary evidence marked as Government Exhibits 1-6. The defense called Enaly Oviedo-Meléndez, Defendant's partner, and introduced documentary evidence marked as Defendant Exhibits 1-2. Arguments were heard. Defendant submitted a post hearing memorandum at Docket No. 86.

---

[1] The motion filed at Docket No. 61 and a supplemental motion at Docket No. 69 charge Defendant with violations of other conditions of supervised release. Defendant opted not to contest those allegations and the Court made a finding of probable cause as to the remaining allegations in Docket No. 61 and those in Docket No. 69. See Docket No. 89.

1

### I.    Preliminary Hearing Standard

Pursuant to Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure, "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Fed.R.Crim.P. 32.1(b)(1)(A). The concept of probable cause is a narrow one. "[P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (D.R.I. Mar. 13, 2014) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987)). See also United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013)).

Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings or in revocation proceedings. Fed.R.Evid. 1101(d)(3). Nonetheless, the defendant in a preliminary revocation hearing is entitled to "an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." Fed.R.Crim.P. 32.1(b)(1)(B)(iii). See United States v. Fontanez, 845 F.3d 439, 443 (1st Cir. 2017) (releasee does not have a Sixth Amendment right to confront witnesses). As such, a finding of probable cause may be based, in whole or in part, on hearsay evidence. See Morrissey v. Brewer, 408 U.S. 471, 487 (1972) (if a witness is at risk of harm, he need not be subjected to confrontation and cross-examination); United States v. Rondeau, 430 F.3d 44, 47–48 (1st Cir. 2005). But admission of hearsay evidence is not automatic. The Court must conduct a balancing test between the defendant's right to confront the witnesses with "what good cause may exist for denying confrontation in a particular instance." Fontanez, 845 F.3d at 443 (citing Rondeau, 430 F.3d at 48). For the Court to consider hearsay evidence during a preliminary revocation hearing, the proposed evidence must be found to have *indicia* of reliability and the government must have proffered a good reason for not producing the witness. Id.; United States v. Marino, 833 F.3d 1, 5 (1st Cir. 2016).

### II.    Discussion

The Government relied on the testimony of USPO Carrillo López. USPO Carrillo López testified that he received information from the Puerto Rico Police Bureau ("PRPB") of an alleged sexual abuse by Defendant. He also testified that he interviewed the minor's mother, who gave a statement that she learned of the purported sexual abuse from the minor's grandmother[2], who in turn learned of the purported abuse from the minor. The minor's mother gave an unsworn written

---

[2] It was not entirely clear whether the person named Gladys Gracia Vega is the grandmother of the minor or her great aunt. Both sides seemed to agree that, as it pertains to this case, the reference to the grandmother and the great aunt are references to the same person. For ease of discussion, I will refer to Ms. Gracia Vega as the minor's grandmother.

statement at the request of USPO Carrillo López. Her written statement was entirely consistent with her verbal account of the facts. USPO Carrillo López also interviewed the minor's grandmother. The minor's grandmother informed that she learned of the purported sexual abuse from the minor. She gave an unsworn written statement at the request of USPO Carrillo López. Her written statement was also entirely consistent with her verbal account of the facts. The statements of the mother and grandmother are consistent but the grandmother's account is more detailed. The Government moved for the admission in evidence of the written statements. I received the documents in evidence reserving a ruling on Defendant's objection on hearsay. These are Government Exhibits 3-4. USPO Carrillo López also testified that he received copy of the PRPB complaint card ("Tarjeta de Querella") from PRPB agent Audulí Plaza and copy of the orders of protection issued by the state court. The latter were provided by the Department of Family Affairs' social worker Luis Valles Vargas. These were also admitted, subject to a ruling on Defendant's objection on hearsay. These are Government Exhibits 2, 5 and 6. USPO Carrillo López did not interview the minor.

I address the Government's reliance on hearsay. It is well settled that revocation proceedings are not considered criminal prosecutions and that the Defendant has a limited right of confrontation with the witnesses. But precisely because there is such a right, the Court is required to apply a balancing test prior to considering hearsay. This is confirmed both by the language of Rule 32.1(b)(1)(B) of the Federal Rules of Criminal Procedure and First Circuit case law, which requires that the Court assess the apparent reliability of the proposed hearsay evidence and the Government's justification for not producing the declarant as a witness prior to considering hearsay in revocation proceedings. Resting solely on the fact that the Federal Rules of Evidence do not apply to revocation proceedings— as done by the Government here— is insufficient.

      a.     **The proposed hearsay does not have strong *indicia* of reliability.**

The mother gave a verbal and written statement to the USPO. The USPO testified about what the mother told him that the grandmother told her that the minor had told her. These statements have three layers of hearsay cutting heavily against their reliability. United States v. Colón Maldonado, 953 F.3d 1, 12 (1st Cir. 2020) (double hearsay may be unreliable). Even though the mother made a written statement that was consistent with her verbal account of the facts, the written statement was made immediately after her interview with USPO Carrillo López, was not sworn or made under penalty of perjury, was not particularly detailed and was not corroborated by any other evidence. See id. (unsworn testimony not very reliable); United States v. Taveras, 380 F.3d 532, 537 (1st Cir 2004) (statement that is not written or sworn, or not corroborated with other evidence may be unreliable).

Compare United States v. Bueno Beltrán, 857 F.3d 65, 68 (1st Cir 2017) (testimony that is rich in detail or corroborated with other evidence could be reliable); Fontanez, 845 F.3d at 443 (objective evidence that corroborates a witness' statement could be persuasive proof of reliability); Marino, 833 F.3d at 5 (affidavits, depositions, and documentary evidence, hearsay corroborated by other statements, detailed testimony, and repeated account of declarant without material changes could be conventional substitutes for live testimony) (citations omitted).

The statement of the grandmother fares no better. True, that statement has two layers of hearsay rather than three. And it does contain more details. But the grandmother's statements were not made under oath or under penalty of perjury and, other than for the mother's statements (which were premised solely on the information given to her by the grandmother), there is simply no independent evidence (e.g., the USPO's interview of the minor, the testimony of the police to narrate the results of her investigations, the testimony of the social worker to inform of his findings) available for corroboration. See Colón Maldonado, 953 F.3d at 12; Taveras, 380 F.3d at 537.

This leaves us with the reliability of the statements in the police complaint card and the protection orders. Sure, these may very well be self-authenticating documents under Rule 902 of the Federal Rules of Evidence. Nonetheless, absent an applicable exception to hearsay, their use in these proceedings would be only to establish the fact that there was a complaint and protection orders issued against Defendant. The truth of the matters asserted in those documents would be hearsay. The complaint card states that the victim's mother said that her minor daughter verbalized that she was sexually assaulted by her biological father. This evidence is unreliable for the same reason discussed above. The protection orders refer to statements made by the social worker, Valles Vargas, who testified at the state proceedings. During those proceedings, Valles Vargas declared that he received a referral for investigation of allegations of sexual abuse against a minor, that the allegations of sexual abuse were made by the minor to her grandmother (Government Exhibits 5 and 6), and that the minor validated the allegations of sexual abuse during interview with Valles Vargas (Government Exhibit 6). Although the statements of Valles Vargas were made during a court proceeding, to the extent that Valles Vargas was not made available for cross-examination during the hearing and the statements were instead introduced through the testimony of USPO Carrillo López, these continue to have more than one layer of hearsay and are lacking an external or independent source of corroboration to strengthen their reliability.

### b. The Government's justifications for not having the witnesses available for confrontation are weak.

The Government did not subpoena the mother or the grandmother, nor did counsel explain whether she had made efforts to reach out informally to the mother or the grandmother so that they could testify at the hearing. The only explanation I received came from the USPO who informed that the mother had to work and that the grandmother was caring for a sick family member. But having work commitments and responsibilities with other family members is not out of the ordinary, and the Government could have sought a continuance of the hearing to attempt to accommodate the schedule of the witnesses. The Government did not establish good cause for not having the mother and grandmother available at the hearing. See Fontanez, 845 F.3d at 444 (witness on vacation is a weak justification because the Government could have sought a continuance of the hearing).

As to Valles Vargas, the Government generally claimed that it did not want to compromise the ongoing investigation of the PRPB. However, Valles Vargas is not the agent in charge of the investigation, had already testified at state court proceedings, and was present and sitting in Court during the entire hearing. Without a concrete explanation as to how procuring the testimony of Valles Vargas would be burdensome or compromise the ongoing state investigation, the justification provided by the Government to deprive Defendant of the ability to cross-examine the witness is lacking.

In sum, the Government's justifications for not making the witnesses available for confrontation by Defendant are weak. Compare Marino, 833 F.3d at 5, 7 (difficulty and expenses in procuring witnesses could be a valid justification); Bueno Beltrán, 857 F.3d at 68 (absence excused when proceedings were in San Juan and witness was in Miami); Rondeau, 430 F.3d at 49 (concerns for safety of witness may be a valid justification); United States v. Franklin, 51 F.4th 391, 401 (1st Cir. 2022) (same); United States v. Joseph, 2020 WL 565378, at *4 (E.D.N.Y. Feb. 4, 2020) (refusal to cooperate despite Government efforts may be a valid justification). In balance, considering the apparent reliability of the proposed hearsay and the Government's explanations for the unavailability of the witnesses, I find in favor of the Defendant's limited right of confrontation. The Government's case thus rests only on the existence of a police complaint card and the protection order against Defendant. In and of themselves these documents do not establish probable cause that Defendant incurred in the new criminal conduct (i.e. sexual abuse of his minor daughter), especially considering the testimony of Ms. Oviedo-Meléndez, Defendant's partner who lived with Defendant in the house visited by the minor daughter, to the effect that Defendant would not have had the opportunity to

5

commit the alleged offense and that she did not see any signs or indication that the minor would be the victim of a sexual assault.

### III.     Conclusion

At the conclusion of the hearing, the Government appealed to the seriousness of the offense as a reason for the Court to find probable cause. As I expressed then, the nature of the charged conduct and the fact that this case includes allegations of sexual abuse of a 7-year-old minor is of deep concern to the undersigned. However, the Government cannot overcome the shortcomings of its prosecution by shifting their burden to the Court. The Defendant has a limited right of confrontation and "to abridge it under the circumstances of this case and with the quality of the evidence presented by the government would be tantamount to finding that [such a right] is non-existent." Memorandum and Order in Crim. No. 18-398 (ADC) at Docket No. 126.

Having heard the evidence and considered the arguments, I find **no probable cause** for violations of the Mandatory Condition and Special Condition referenced above.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 6th of February, 2025.

s/Giselle López-Soler<br>
GISELLE LÓPEZ-SOLER<br>
United States Magistrate Judge